ANTONIO BERLINGERI CERVONI, demandante y apelado, *v.* JOSÉ DEL CARMEN SANTIAGO y su esposa DOÑA BASILISA SANTIAGO, demandados y apelantes.

No. 4451.—*Visto:* Marzo 27, 1928. *Resuelto:* Julio 18, 1928.

*Felipe Colón Díaz,* abogado de los apelantes; *Sergio León Lugo,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este recurso guarda estrecha relación con el número 4230 que acabamos de resolver. La demanda se presentó unos días después, pero entre las sentencias que pusieron fin a ambos pleitos mediaron unos ocho meses. Aunque fué la misma corte de distrito la que intervino, los jueces que fallaron fueron distintos. Hubiera sido mucho más fácil para las partes mismas, se hubiera ahorrado el tiempo de la corte y ésta hubiera; estado en mejores condiciones para dictar sus fallos, si los juicios se hubieran celebrado, si no en el mismo día, por lo menos en el mismo término. En esta Corte Suprema las vistas de los recursos tuvieron. lugar el 27 de marzo último.

La demanda es de reivindicación y daños y perjucios. Alega en resumen que el demandante es dueño de cierta finca rústica de la cual segregó una porción que arrendó a cierta persona que traspasó el contrato al demandado; que vencido el término del arriendo por falta de pago del canon estipulado inició un pleito de desahucio contra el demandado; que obtuvo sentencia favorable pero al dársele posesión de la finca sólo se le entregó una parte, quedando en posesión de otra el demandado; que el demandado se ha negado a entregar dicha porción y continúa detentándola y percibiendo sus frutos alegando ser su dueño, todo contra la expresa voluntad del demandante. Pide que se dicte sentencia declarando que la porción de terreno le pertenece en pleno dominio, y condenando al demandado a que se la restituya y le pague seiscientos dólares por daños y perjuicios y las costas.

Contestó el demandado aceptando varios hechos de la demanda, negando otros y alegando, en resumen, que el márshal entregó al demandante la totalidad de la finca arrendada y en tal virtud que no detenta porción de terreno alguna del demandante.

Fué el pleito a juicio. El demandante presentó una larga prueba documental, pericial y testifical. El demandado se limitó a presentar la declaración del marshal que actuó en relación con la ejecución de la sentencia de desahucio. La corte tomó bajo su consideración el caso y lo resolvió a favor del demandante en cuanto a la reivindicación. En cuanto a los daños y perjuicios declaró que la prueba no era lo suficientemente clara y concreta para dictar una sentencia condenatoria. Parece conveniente transcribir una parte de la opinión en que la sentencia se basa. Dice:

"La corte, por la apreciación que ha hecho de toda la prueba en este caso, testifical, documental y pericial, considera que el demandante ha probado satisfactoria y concluyentemente . . . . que el demandado José del Carmen Santiago le detenta una parcela de terreno de 8:83 cuerdas, según fué descrita por el perito J. Elías Cordero y está señalada en blanco en el plano levantado por éste y admitido en evidencia, y que dicha detentación por parte del demandado la es sin título alguno, estando éste, por el contrario, a favor y en poder del aquí demandante Antonio Berlingeri, el cual ha quedado debidamente probado, habiéndose identificado la mencionada parcela tanto por la prueba pericial y documental ya mencionadas, como por la de los demás testigos del demandante, quienes le merecieron entero crédito a la corte."

No conforme el demandado interpuso este recurso de apelación señalando como único error que la prueba fué indebidamente apreciada.

■■ Hemos estudiado dicha prueba y a nuestro juicio sostiene la sentencia recurrida. Nótanse algunas contradicciones en los títulos y en las cabidas de algunas de las porciones que formaron la finca principal, y en la de la porción luego segregada y arrendada, pero todo se explica debidamente por el perito ingeniero que levantó el plano que se

introdujo como prueba y especialmente por las manifesta-ciones precisas y convincentes de varios testigos vecinos por muchos años del lugar y propietarios colindantes que se refirieron a caminos y quebradas que demarcan la propiedad reclamada de tal modo que no puede confundirse con otra alguna. Frente a esa prueba, la vaga declaración del márshal que fué por primera vez al sitio y que no puede precisar lo que en realidad de verdad entregó, no tiene peso alguno.

*Debe confirmarse la sentencia recurrida.*